Counsel of Record:
G. Jeffrey Boujoukos
Catherine E. Pappas
Securities and Exchange Commission
Philadelphia Regional Office
701 Market Street, Suite 2000
Philadelphia, PA 19106
Telephone: (215) 597-3100
Facsimile (215) 597-2740

*ATTORNEYS FOR PLAINTIFF,*
*SECURITIES AND EXCHANGE COMMISSION*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | |
| Plaintiff, | |
| v. | Case No. 12-07164 KSH-PS |
| JOHN LAZORCHAK, MARK S. CUPO, MARK D. FOLDY, MICHAEL L. CASTELLI, LAWRENCE D. GRUM, MICHAEL T. PENDOLINO, and JAMES N. DEPRADO, | FINAL JUDGMENT AS TO DEFENDANT JAMES N. DEPRADO |
| Defendants. | |

The Securities and Exchange Commission having filed a Complaint and Defendant James

N. Deprado ("Defendant") having entered a general appearance; consented to the Court's

jurisdiction over Defendant and the subject matter of this action; consented to entry of this Final

Judgment without admitting or denying the allegations of the Complaint (except as to

jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal

from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant and Defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Final Judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 14(e) of the Exchange Act [15 U.S.C. § 78n(e)] and Rule 14e-3 [17 C.F.R. § 240.14e-3] promulgated thereunder, in connection with any tender offer or request or invitation for tenders, from engaging in any fraudulent, deceptive, or manipulative act or practice, by:

(a)  purchasing or selling or causing to be purchased or sold the securities

sought or to be sought in such tender offer, securities convertible into or

exchangeable for any such securities or any option or right to obtain or

dispose of any of the foregoing securities while in possession of material

information relating to such tender offer that Defendant knows or has

reason to know is nonpublic and knows or has reason to know has been

acquired directly or indirectly from the offering person; the issuer of the

securities sought or to be sought by such tender offer; or any officer,

director, partner, employee or other person acting on behalf of the offering

person or such issuer, unless within a reasonable time prior to any such

purchase or sale such information and its source are publicly disclosed by

press release or otherwise; or

(b)  communicating material, nonpublic information relating to a tender offer,

which Defendant knows or has reason to know is nonpublic and knows or

has reason to know has been acquired directly or indirectly from the

offering person; the issuer of the securities sought or to be sought by such

tender offer; or any officer, director, partner, employee, advisor, or other

person acting on behalf of the offering person of such issuer, to any person

under circumstances in which it is reasonably foreseeable that such

communication is likely to result in the purchase or sale of securities in the

manner described in subparagraph (a) above, except that this paragraph

shall not apply to a communication made in good faith

(i)  to the officers, directors, partners or employees of the

3

offering person, to its advisors or to other persons, involved in the planning, financing, preparation or execution of such tender offer;

(ii)     to the issuer whose securities are sought or to be sought by such tender offer, to its officers, directors, partners, employees or advisors or to other persons involved in the planning, financing, preparation or execution of the activities of the issuer with respect to such tender offer; or

(iii)    to any person pursuant to a requirement of any statute or rule or regulation promulgated thereunder.

### III.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant is liable for disgorgement of $30,861.31, representing profits gained as a result of the conduct alleged in the Complaint, together with prejudgment interest thereon in the amount of $4,904.19, and a civil penalty in the amount of $30,861.31 pursuant to Section 21A of the Exchange Act [15 U.S.C. § 78u-1]. Defendant shall satisfy this obligation by paying $66,626.81 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Defendant may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request.   Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange

4

Commission, which shall be delivered or mailed to

Enterprise Services Center
Accounts Receivable Branch
6500 South MacArthur Boulevard
Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; James N. Deprado as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Defendant shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Defendant relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Defendant. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after 14 days following entry of this Final Judgment. Defendant shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

IV.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Defendant shall comply with all of the undertakings and agreements set forth therein.

V.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

**VI.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

**VII.**

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated: 10/22, 2013

_____
The Honorable Katharine S. Hayden
United States District Court Judge

6